UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION


LEORDANIS FUMERO PELAEZ,

        Petitioner,

v.                                     Case No. 2:26-cv-1042-JES-DNF

U.S. ATTORNEY GENERAL, et al.,

        Respondents.
_____/

## OPINION AND ORDER

Before the Court are Petitioner Leordanis Fumero Pelaez's petition for writ of habeas corpus (Doc. 1) and the government's response. (Doc. 13).  For the reasons below, the petition is denied.

## I.   Background

Fumero Pelaez is a native and citizen of Cuba who was admitted to the United States as a lawful permanent resident on January 24, 2015. (Doc. 13 at 1).  In 2020 and 2021, he was convicted of credit card fraud charges.  (Id.)  The conviction rendered Fumero Pelaez inadmissible under the Immigration and Nationality Act because the crimes involved moral turpitude.   See 8 U.S.C. § 212(a)(2)(A)(i)(I).

At some point Fumero Pelaez left the United States and returned to Cuba.  (Doc. 13-1 at 2).  When he attempted to reenter the United States on January 10, 2026, he was immediately taken

into immigration custody and detained under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). (Doc. 13 at 2; Doc. 13-1 at 2). Fumero Pelaez was served with a Notice to Appear on or about January 11, 2026. (Id.)

## II.  Discussion

Sections 1225 and 1226 of the Immigration and Nationality Act (INA) govern the detention of noncitizens before a final order of removal. The former provision covers "inadmissible arriving aliens" who are "present in the United States [but have] not been admitted." 8 U.S.C. § 1225(a)(1). So-called " 'applicants for admission' in the language of the statute." Jennings v. Rodriguez, 583 U.S. 281, 297 (2018). Pertinent here, § 1225 "mandate[s] detention of applicants for admission until certain proceedings have concluded." Id. The only exception is release "on parole for urgent humanitarian reasons or significant public benefit." Id. at 288.

On the other hand, § 1226 has historically "authorize[d] the Government to detain certain aliens already in the country pending the outcome of removal proceedings[.]" Jennings, 583 U.S. at 289. Section 1226(a) sets out a discretionary detention framework for aliens arrested and detained "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a). While the arresting immigration officer makes an initial custody determination, noncitizens detained under § 1226(a) may appeal that decision in a bond hearing

2

before an immigration judge. See 8 C.F.R. §§ 1236.1(c)(8), (d)(1). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." Jennings, 583 U.S. at 306.

Fumero Pelaez seeks immediate release, presumably pursuant to a bond hearing. (Doc. 1 at 7). But this is not a situation where a noncitizen was detained at the border and then released into the country. See, e.g., Oviedo v. Warden, Glades County Detention Center, No. 2:26-cv-421-JES-DNF, 2026 WL 693205 (M.D. Fla. Mar. 12, 2026). Rather, Fumero Pelaez was apprehended at the border when he attempted to reenter the United States and immediately taken into custody, which puts him squarely under § 1225. Section 1225 says nothing "whatsoever about bond hearings." Jennings, 583 U.S. at 297. Thus, Fumero Pelaez's continued detention without a bond hearing does not violate the INA.

Fumero Pelaez also argues that his three-month detention without a bond hearing violates the Due Process Clause. (Doc. 1 at 7). The Supreme Court confronted the constitutional perils of indefinite immigration detention in Zadvydas v. Davis, 533 U.S. 678 (2001). But, unlike the statute at issue in Zadvydas, the Court has refused to read a six-month reasonableness requirement into the detention statute at issue here. See Jennings, 583 U.S. at 301 (recognizing that §§ 1225(b)(1) and (b)(2) cannot "be read to limit detention to six months"). Moreover, while the length of

3

Fumero Pelaez's detention is not ideal, it does not approach 180-day presumptively unreasonable period discussed in Zadvydas. Should Fumero Pelaez's detention exceed six months and appear indefinite (because there is no movement in his case), he can file another habeas petition with the Court and re-raise his due process argument.

### III. Conclusion

Based on the record provided, Fumero Pelaez's detention does not violate the INA or the Constitution.  He is thus not entitled to habeas relief, and the petition (Doc. 1) is **DENIED.**  The Clerk is directed to terminate any pending motions and deadlines and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on April 21, 2026.

_____

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

4